IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRAY INTERNATIONAL, INC. | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 4:22-cv-01637 |
| DELVAL FLOW CONTROLS USA, LLC | § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, BRAY INTERNATIONAL, INC. ("BRAY") hereby files this complaint against DELVAL FLOW CONTROLS USA, LLC ("DELVAL") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for trade dress infringement, unfair competition and false designations of origin pursuant to 15 U.S.C. § 1125, and for common law trade dress infringement and unfair competition, and unjust enrichment under Texas law. Furthermore, this is an action where diversity of citizenship exists and the amount in dispute exceeds $75,000.00. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

2. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since a substantial portion of the events giving rise to this case occurred, or is occurring, within this District and Division and DELVAL is subject to personal jurisdiction in this District and Division.

# I.
# THE PARTIES

3. BRAY is a corporation duly organized under the laws of the State of Texas.

4. For more than 30 years, BRAY has been the premier global manufacturer of valves and flow control automation products in the world. Based in Houston, BRAY has worked tirelessly to build and maintain its brand in more than 40 countries across the globe. BRAY's controls, actuators, and valves are used in various industries around the world, including oil and gas, chemical, refining, and agriculture. BRAY's valves are now, and for more than 30 years, have been sold with a distinctive red trade dress, described below and shown in Exhibit 1 ("BRAY's Red Trade Dress").

5. DELVAL is a Louisiana limited liability company that, upon information and belief, conducts business throughout the United States. DELVAL is a direct competitor of BRAY.

6. DELVAL, upon information and belief, has conducted business in this District and Division, and on information and belief, has an office and/or facilities at 77 Sugar Creek Center Blvd., Suite 600, Sugar Land, TX 77478 and 11767 Katy Freeway, Suite 435, Houston, TX 77079.

7. Upon information and belief, DELVAL is directly engaging in the creation of valve products that intentionally mimic and infringe BRAY's Red Trade Dress ("DELVAL's Knockoff Valves"). BRAY has photographic evidence of DELVAL's Knockoff Valves, attached as Exhibit 2, but does not know the location of the warehouse in which they are currently stored or the outlets to which they may have already been distributed. The imminent sale of DELVAL's Knockoff Valves will cause direct injury and harm to BRAY within this District and Division as alleged herein.

## II.
## COMMON FACTUAL ALLEGATIONS

A.   BRAY's Red Trade Dress.

8.   BRAY was founded in April 1986, and the first valves it offered for sale were butterfly valves, the core products of the new company. At that time, and ever since, a primary means for valve manufacturers to identify their products to the consuming public was through the color of their products. When BRAY first introduced its butterfly valves to the industry, the main competitors in the United States coated their valves in blue and green. BRAY wanted its valves to be the best-looking valves in the industry and to stand out from all competitors. BRAY chose the color red for the purpose of distinguishing its valves from the competition. BRAY arrived at a shade of bright red and has used it consistently for the ensuing 30+ years on everything from its products to its advertising to the ink on its product literature.

9.   For decades, BRAY has been a dominant participant in the valve and flow control products market due to the consistently high quality and reliable performance of its valves, including its butterfly valves which currently hold a significant share of the agricultural market at issue in this case. Sales of BRAY'S butterfly valve products bearing the distinctive BRAY's Red Trade Dress are in the tens of millions of dollars annually.

10.   BRAY has extensively used, advertised, and promoted BRAY's Red Trade Dress in the United States in association with the sale of high-quality valves, including the resilient seated butterfly valves at issue in this case ("RSBVs"), shown in Exhibit 1, and has carefully monitored and policed the use of the BRAY Red Trade Dress in the marketplace.

11.   RSBVs are important components for irrigation systems used in the agricultural industry. There are two primary suppliers of valves in the relevant agricultural market, BRAY and Fresno Valve and Casting, which collectively account for over half of the supply for this market. Fresno Valve and Casting's valves are coated in gray. BRAY's valves utilize BRAY's Red Trade

Dress.

12. As a result of BRAY's long-term use of BRAY's Red Trade Dress, efforts to advertise and promote its products with BRAY's Red Trade Dress and extensive sales of such products, members of the relevant consuming public readily identify red valves as being of high quality and manufactured by, sponsored or approved by BRAY.

13. Accordingly, the color red, as applied to RSBVs, has developed secondary meaning as an identifier of high-quality valves coming from BRAY. As applied to BRAY's RSBVs, the color red has no function other than as BRAY's Red Trade Dress.

14. BRAY's Red Trade Dress is a symbol of BRAY's quality, reputation, and goodwill and has never been abandoned.

15. Upon information and belief, at all relevant times, DELVAL had full knowledge of BRAY's Red Trade Dress, including BRAY's exclusive use of BRAY's Red Trade Dress and the goodwill associated therewith.

B.   DELVAL's Infringement.

16. Upon information and belief, DELVAL began manufacturing and selling valves in 2006 and, since its inception, has used a blue coating on all of its valves. Exhibit 3 is a true and correct copy of a product brochure available on DELVAL's website at https://www.delvalflow.com/. All of the products, including the RSBVs, are coated in blue.

17. Upon information and belief, DELVAL is a relatively new entrant in the irrigation systems valve market with a negligible share of market sales.

18. BRAY recently learned that DELVAL has sent photographs of its RSBVs, painted red to mimic BRAY's Red Trade Dress, to industry participants as an enticement for such recipients to purchase DELVAL's products instead of BRAY's products. *See* Exhibit 2. Upon information and belief, DELVAL is painting their valves red in order to make them to look like BRAY valves and

to facilitate sale of DELVAL's Knockoff Valves to unsuspecting customers who are accustomed to and want to purchase BRAY's valves.

19. In ways not yet fully determined, BRAY has already suffered irreparable trademark-related, reputational injury, by virtue of DELVAL's Knockoff Valves having already been offered for sale to, and potentially already sold to, unsuspecting customers.

20. Unless immediately enjoined, BRAY risks suffering irreparable harm upon the sale of each and every additional DELVAL's Knockoff Valve.

21. In addition to trade dress-related, reputational injury suffered by any trade dress owner through infringement, in this case BRAY also faces the reasonably anticipated, further injury of needing to address (at considerable likely expense) warranty and possible other legal claims lodged by unsuspecting purchasers of DELVAL's Knockoff Valves who would reasonably be unaware of BRAY's dissociation from such products.

22. DELVAL's use of BRAY's Red Trade Dress, including the promotion, advertising, distribution, sale and/or offering for sale of DELVAL's Knockoff Valves, is without BRAY's consent or authorization.

23. Further, upon information and belief, DELVAL may be engaging in the above-described infringing activities knowingly and intentionally or with reckless disregard or willful blindness to BRAY's rights, for the purpose of trading on the goodwill and reputation of BRAY.

24. If DELVAL's infringing activities are not preliminarily and permanently enjoined by this Court, BRAY and the consuming public will continue to be damaged.

25. DELVAL's above-identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade. Moreover, DELVAL's wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between BRAY's genuine goods and

DELVAL's Knockoff Valves.

26. BRAY has no adequate remedy at law.

27. BRAY is suffering irreparable injury and will suffer substantial damages as a result of DELVAL's infringing activities.

28. The injuries and damages sustained by BRAY are directly and proximately caused by DELVAL's advertisement, promotion, distribution, sale and/or offering for sale of DELVAL's Knockoff Valves.

## COUNT I – TRADE DRESS INFRINGEMENT
## AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. 1125

29. BRAY repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

30. DELVAL, upon information and belief, is promoting and otherwise advertising, selling, offering for sale, and/or distributing DELVAL's Knockoff Valves bearing BRAY's Red Trade Dress.

31. DELVAL's activities are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of DELVAL and BRAY, or as to the origin, sponsorship, or approval of DELVAL's Knockoff Valves.

32. DELVAL's unlawful actions have caused and are continuing to cause unquantifiable damages to BRAY.

33. DELVAL's above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. BRAY has sustained injury and damage caused by DELVAL's conduct, and absent an entry of an injunction by this Court, BRAY will continue to suffer irreparable injury to its valuable identity, goodwill and business reputation as well as monetary damages.

## COUNT II - COMMON LAW TRADE DRESS INFRINGEMENT

4885-1314-1024.1

35. BRAY hereby repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

36. This is an action for common law trade dress infringement. Specifically, DELVAL, upon information and belief, is promoting and otherwise advertising, selling, offering for sale, and/or distributing DELVAL's Knockoff Valves bearing a trade dress identical to and indistinguishable from BRAY's Red Trade Dress.

37. DELVAL's infringing activities are likely to cause confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of DELVAL's products by their use of BRAY's Red Trade Dress.

38. As a result of the above-described trade dress infringement activities of DELVAL, BRAY has suffered, and will continue to suffer, irreparable injury and substantial damages, and DELVAL has been unjustly enriched.

## COUNT III - UNFAIR COMPETITION UNDER TEXAS COMMON LAW

39. BRAY repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

40. The foregoing acts of DELVAL constitute unfair competition under the common law of the State of Texas. As a result of the unfair competition by DELVAL, BRAY has suffered and will continue to suffer injury and damage in an amount yet to be determined. Upon information and belief, the acts of unfair competition have resulted in unjust profits and unjust enrichment on the part of DELVAL in an amount yet to be determined. Such acts of unfair competition in violation of Texas common law have caused harm to BRAY, for which BRAY is entitled to recover any and all remedies provided by Texas common law.

41. DELVAL's wrongful acts of unauthorized use of BRAY's Red Trade Dress, in attempting to pass off their products as if they are BRAY products in a manner calculated to deceive

members of the trade and the general public, are likely to cause confusion, mistake, and deception among members of the trade and general consuming public as to the origin and quality of DELVAL's products.

42. The natural, probable, and foreseeable consequences of DELVAL's wrongful conduct has been and will continue to be the deprivation of the exclusive rights BRAY has in and to its intellectual property.

43. DELVAL's wrongful acts of unauthorized use of BRAY's Red Trade Dress have caused and will continue to cause BRAY substantial injury including loss of customers, dilution of its reputation, dilution of its goodwill, confusion of existing and potential customers, loss of its reputation, and diminution of the value of its intellectual property. The harm these wrongful acts cause to BRAY is both imminent and irreparable, and the amount of damage sustained by BRAY will grow even more difficult to ascertain if these acts continue.

44. As a result of the above-described wrongful activities of unfair competition by DELVAL, BRAY has suffered, and will continue to suffer, irreparable injury and substantial damages, and DELVAL has been unjustly enriched.

## COUNT IV – DILUTION UNDER TEXAS LAW

45. BRAY repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

46. BRAY's Red Trade Dress is famous in this state or a geographic area of this state as a designation of source of the goods of BRAY and was famous prior to DELVAL's actions described herein.

47. DELVAL's manufacture and sale of DELVAL's Knockoff Valves is likely to cause the dilution of BRAY's Red Trade Dress.

48. Upon information and belief, DELVAL willfully intended to cause the dilution of

BRAY's Red Trade Dress.

49. DELVAL's actions constitute dilution under Tex. Bus. & Com. § 16.103 (2012).

50. BRAY has sustained injury and damage caused by DELVAL's conduct, and absent an entry of an injunction by this Court, BRAY will continue to suffer irreparable injury to its valuable identity, goodwill and business reputation as well as monetary damages

### COUNT V – UNJUST ENRICHMENT

51. BRAY repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

52. DELVAL's acts constitute unjust enrichment under the common law of the State of Texas.

53. By their conduct, DELVAL has caused BRAY irreparable harmand injury and will continue to do so unless restrained and enjoined by the Court.

54. BRAY has no adequate remedy at law.

### JURY DEMAND

55. BRAY requests a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, BRAY demands judgment against DELVAL, in view of facts determined by the fact finder as follows:

a. That the Court enter a Temporary Restraining Order, and after appropriate hearing(s) and trial, respectively, Preliminary and Permanent Injunctions enjoining DELVAL,their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from

i. using BRAY's Red Trade Dress on or in connection with the promotion,

4885-1314-1024.1

      advertising, sale, offering for sale, and/or distribution of any product;

      ii.    infringing, counterfeiting, or diluting BRAY's Red Trade Dress;

      iii.    using any logo, trade name, trademark, or trade dress which may be calculated to falsely advertise the services or products of DELVAL as being sponsored by, authorized by, endorsed by, or in any way associated with BRAY;

      iv.    falsely representing themselves as being connected with BRAY, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of DELVAL are in any way endorsed by, approved by, and/or associated with BRAY;

      v.    using any reproduction, counterfeit, copy, or colorable imitation of BRAY's Red Trade Dress or any other BRAY mark in connection with the publicity, promotion, sale, or advertising of any goods sold by DELVAL; and

      vi.    offering such goods in commerce and from otherwise unfairly competing with BRAY.

    b.    that DELVAL be directed to file with this Court and serve on BRAY respectively within thirty (30) days after service of such preliminary and permanent injunctions, a written report under oath pursuant to 15 U.S.C. § 1116 setting forth in detail the manner and form in which DELVAL has complied with the injunction;

    c.    that DELVAL be required to account to and pay BRAY for all profits and damages resulting from DELVAL's infringing activities and that the award to BRAY be trebled, as provided for under 15 U.S.C. § 1117;

    d.    that DELVAL be required to deliver up all products in its possession or control which bear BRAY's Red Trade Dress for destruction or such other disposition as ordered by the Court;

    e.    that DELVAL be adjudged to have unfairly competed with BRAY in violation of

Texas statutory and common law and that BRAY accordingly be awarded such damages, enhanced damages, punitive damages, attorneys fees and injunctive relief to which it may be justly entitled thereunder;

      f.      that BRAY be awarded punitive damages for each cause of action set forth herein and for which the same are permissible by law or statute, and that otherwise represent a permissible recovery;

      g.      that BRAY be awarded pre-judgment interest on its judgment;

      h.      that BRAY be awarded at least treble damages as well as its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action; and

      i.      that BRAY be awarded such other and further relief as the Court may deem just and proper.

DATED this 20th day of May, 2022.

Respectfully submitted,

**GRAY REED & MCGRAW LLP**

By: /s/ *Eric S. Tautfest*
Eric S. Tautfest
Texas Bar No. 24028534
Southern District I.D. No. 35605
ETautfest@GrayReed.com
1601 Elm Street
Suite 4600
Dallas, TX 75201
T: (469) 320-6180
F: (469) 320-6900

**ATTORNEY-IN-CHARGE FOR PLAINTIFF BRAY INTERNATIONAL, INC.**

----------------------------

OF COUNSEL:

D. Scott Funk

4885-1314-1024.1

Texas Bar No. 07550900
Southern District I.D. No. 11615
SFunk@GrayReed.com
Kristen W. Kelly
Texas Bar No. 24046198
Southern District I.D. No. 690180
KKelly@GrayReed.com
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
T: (713) 986-7000
F: (713) 986-7100